IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK MONAGHAN | : | CIVIL ACTION – LAW |
| Plaintiff, | : | |
| vs. | : | |
| | : | NO. |
| WALMART, INC. | : | |
| Defendant. | : | |
| | : | JURY TRIAL DEMANDED |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, Walmart, Inc., (more properly identified as "Wal-Mart Stores East, LP" and hereinafter referred to as "Walmart" or "Defendants"), by and through their counsel, Law Offices of McDonnell & Associates, PC, hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) remove this action from the Court of Common Pleas of Delaware County, No. CV-2022-002658, where it is now pending, to the United States District Court for the Eastern District of Pennsylvania. In support thereof, Defendants aver as follows:

1. Plaintiff, Patrick Monaghan, initiated this personal injury action by filing a Complaint in the Court of Common Pleas of Delaware County on or about April 19, 2022. See, a true and correct copy of Complaint attached hereto as Exhibit "A."

2. The Complaint was served on Walmart on April 26, 2022. A true and correct copy of Plaintiff's Affidavit of Service is attached hereto as Exhibit "B."

3. Defendant filed an Answer with New Matter on May 12, 2022. A true and correct copy of Defendant's Answer with New Matter is attached hereto as Exhibit "C."

4. In his Complaint, Plaintiff alleges that on or about March 28, 2020, he was a business invitee in a Walmart Store located at 400 S. State Road, Marple Crossing Center, Springfield,

Pennsylvania 19064, when he suffered severe and permanent injuries by reason of coming into contact with a slippery substance near a produce display at the aforementioned premises. <u>See</u>, Exhibit "A," ¶8.

5. Plaintiff alleged that he sustained severe and permanent damages, including but not limited to the following injuries: "lumbar spine including disc herniations and radiculopathy, and damages to his muscular skeletal system and nervous system." <u>See</u>, Exhibit "A," ¶ 28.

6. Plaintiff further alleges that he has suffered past and future pain and suffering, past and future mental anguish, past and future humiliation, past and future loss of earnings, physical and/or mental impairment, past and future personal expenses, and past and future medical expenses. <u>See</u>, Exhibit "A," ¶¶ 28-29, 32-34.

7. As a result of the severe and permanent damages, Plaintiff alleges that he may continue to suffer severe physical pain, mental anguish and humiliation for an indefinite time in the future. <u>See</u>, Exhibit "A," ¶ 28.

8. Against this factual backdrop, Plaintiff alleges that Defendants were negligent in causing his fall and resulting bodily injuries. <u>See</u>, Exhibit "A," ¶¶ 16, 22, 27.

9. Walmart could not reasonably and intelligently conclude based on the initial pleadings that the amount in controversy would exceed $75,000.

10. On July 6, 2022, Plaintiff's counsel demanded $275,000 to settle this matter via email. <u>See</u> exhibit "D".

11. The demand letter and attached medical records alluded to the possible need for future surgery, which was not contemplated in the initial pleadings. <u>See</u> exhibit "D".

12. According to 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant,

through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable" (emphasis added).

13. This email constitutes an "other paper" that allowed Walmart to ascertain that the case had become removable under 28 U.S.C. § 1446(b)(3).

14. Defendant now timely files this Notice of Removal as the Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) because the parties are citizens of different states and the matter in controversy exceeds $75,000.

15. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal contains a "copy of all process, pleadings, and orders served upon the defendants in this action."

A. **Plaintiff Is Diverse From The Defendant In This Matter.**

16. Plaintiff alleges that he is a citizen and resident of the State of Pennsylvania, giving an address of 257 N. State Road, Apartment 3A, Springfield, Pennsylvania 19064. See, Exhibit "A," ¶ 1.

17. Defendant, Walmart Inc., formerly known as Wal-Mart Stores, Inc., is a Delaware corporation with its principal place of business located at 702 SW 8th Street, Bentonville, Arkansas 72716.

18. Walmart Inc. is the ultimate and sole (100%) owner of Wal-Mart Stores East, LP, through various wholly-owned operating entities as follows: Walmart Inc. (WMI) is the sole (100%) owner of Wal-Mart Stores East, LLC (WMSE), which is an Arkansas limited liability company with its principal place of business in Arkansas. Wal-Mart Stores East, LLC, is the sole (100%) owner of WSE Management, LLC, and WSE Investment, LLC, which are both Delaware limited liability companies whose principal places of business are in Arkansas. WSE Investment,

LLC, is the 99% owner and limited partner of Wal-Mart Stores East, LP. WSE Management, LLC, is the 1% owner and general partner of Wal-Mart Stores East, LP. Accordingly, Wal-Mart Stores East, LP, is owned by two Delaware limited companies whose sole owner and shareholder is an Arkansas corporation (WMSE), which in turn is wholly-owned by a Delaware corporation (WMI). For the purposes of diversity of citizenship, Wal-Mart Stores East, LP is a citizen of the States of Arkansas and Delaware.

19. None of Wal-Mart Stores East, LP's limited or general partners are citizens of the Commonwealth of Pennsylvania, so the requirements of diversity jurisdiction are satisfied.

**B.     The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs.**

20. Defendant has reason to believe that Plaintiff's damages exceed $75,000 based upon Plaintiff's current medical bills and the fact that he underwent surgery.

21. A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014).

22. Evidence establishing the amount is required by 28 U.S.C. §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation. *Id.*

23. Plaintiff is seeking damages consisting of: 1) past and future medical expenses; 2) past and future pain and suffering; and 3) loss of earnings and earning capacity. See Exhibit "A", Compl., ¶¶29, 32, 34.

24. Based on the foregoing, the amount in controversy is in excess of $75,000 exclusive of interest and costs.

25.     This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 because the properly joined parties are citizens of different states and the matter in controversy exceeds $75,000 as set forth herein.

26.     Accordingly, the requirements of 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) are satisfied and the within matter is properly removable.

**WHEREFORE**, Defendant, Walmart, Inc., respectfully request that the State Action be removed from the Court of Common Pleas of Delaware County to the United States District Court for the Eastern District of Pennsylvania.

**MCDONNELL & ASSOCIATES, P.C.**

Dated:  August 5, 2022          By:        /s/ *Audrey Westerman*
                                           Audrey Westerman, Esquire
                                           Attorney ID No.: 319287
                                           Patrick J. McDonnell, Esquire
                                           Attorney ID No.: 62310
                                           *Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK MONAGHAN | : | CIVIL ACTION – LAW |
| Plaintiff, | : | |
| vs. | : | |
| | : | NO. |
| WALMART, INC. | : | |
| Defendant. | : | |
| | : | JURY TRIAL DEMANDED |

### CERTIFICATE OF SERVICE

I, Audrey Westerman, Esquire hereby certify that on the 5th of August 2022, a true and correct copy Defendants' Notice of Removal was served via email upon the following:

Michael LaRosa, Esquire
LaRosa Law Firm
959 West Chester Pike
Havertown, Pennsylvania 19083
*Attorney for Plaintiff*

McDONNELL & ASSOCIATES, P.C.

Dated: August 5, 2022    By: /s/ *Audrey Westerman*
Audrey Westerman, Esquire
*Attorney for Defendants*