# EXHIBIT A

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

__Delaware__ County

| For Prothonotary Use Only: |
|---|
| Docket No: |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Patrick Monaghan | Walmart, Inc. |

**Are money damages requested?** [x] Yes  [ ] No

**Dollar Amount Requested:** (check one)
- [ ] within arbitration limits
- [x] outside arbitration limits

**Is this a *Class Action Suit*?** [ ] Yes  [x] No

**Is this an *MDJ Appeal*?** [ ] Yes  [x] No

Name of Plaintiff/Appellant's Attorney: __Michael LaRosa, Esquire__

[x] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [x] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other

- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other

- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other

- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

*Updated 1/1/2011*

LaROSA LAW FIRM
BY: MICHAEL LAROSA, ESQUIRE
Identification No. 50011
959 West Chester Pike
Havertown, PA  19083
(610) 924-0999                                                                                   Attorney for Plaintiff

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

PATRICK MONAGHAN                    :
          Plaintiff              :
                                    :     NO.:
   v.                             :
                                    :
WALMART, INC.                       :
          Defendant             :

**NOTICE TO DEFEND**

      You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

      **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH THE INFORMATION ABOUT HIRING A LAWYER.**
  **IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

LAWYER'S REFERENCE SERVICE
FRONT & LEMON STREETS
MEDIA, PA 19063
TELEPHONE:  (610) 566-6625

LaROSA LAW FIRM
BY: MICHAEL LAROSA, ESQUIRE
Identification No. 50011
959 West Chester Pike
Havertown, PA  19083
(610) 924-0999                                                                                      Attorney for Plaintiff

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

PATRICK MONAGHAN                           :
257 N. State Road                                   :
Apartment 3A                                         :
Springfield, PA 19064                            :
                Plaintiff            :      NO.:
                                            :
  v.                                                          :
                                            :
WALMART, INC.                                   :
400 S. State Road                                   :
Marple Crossings Center                       :
Springfield, PA 19064                            :
                Defendant        :

## **COMPLAINT**

Plaintiff, Patrick Monaghan, by and through his attorney, Michael LaRosa, Esquire, avers as follows:

1.      Plaintiff, Patrick Monaghan, is an adult individual, who currently resides at 257 N. State Road, Apartment 3A, Springfield, PA 19064.

2.      Defendant, Walmart, Inc. ("Walmart"), is a Delaware Corporation but with a principal executive office address of 702 S.W. 8th Street Bentonville, Arkansas, and which operates a business location at 400 S. State Road, Marple Crossings Center, Springfield, Delaware County, PA 19064.

3.      At all times relevant herein and material hereto, Plaintiff, Patrick Monaghan, was a business invitee of the Defendant, lawfully walking within the premises owned and operated by Walmart.

4. At all times relevant herein and material hereto, Defendant, for the purposes of conducting said business, did own, operate and maintain and/or did have under its exclusive care, custody and control the aforesaid building and/or business located at 400 S. State Road, Marple Crossings Center, Springfield, Delaware County, PA 19064.

5. At all times relevant herein and material hereto, Defendant acted and/or failed to act by and through its employees, agents, servants and/or representatives who were acting within the course and scope of their employment and on behalf of said Defendant.

6. This action asserts a claim for personal injuries sustained by Plaintiff, Patrick Monaghan, resulting from a fall incident, which occurred on the aforesaid property owned and operated by the aforesaid Defendant.

## COUNT I - NEGLIGENCE
## PATRICK MONAGHAN v. WALMART, INC.

7. The allegations contained in paragraphs 1 through 6 are incorporated herein by reference as if fully set forth at length.

8. On or about May 22, 2020, at approximately 1:00 p.m., Plaintiff, Patrick Monaghan was a customer of Defendant, lawfully walking in the store, when Plaintiff stepped onto a slippery substance present on the tiled floor of the store, that was close in proximity to a display for produce, causing Patrick Monaghan to slip and fall, strike the ground and sustain injuries.

9. The display stand in question was located just inside the main entrance and to the right, less than 100 feet from the entrance doors. The display stand held packaged strawberrys positioned upon a vinyl tile floor.

10. The strawberry display stand had an ongoing leakage problem causing a slippery fluid to leak upon the tile floor causing a dangerous and slippery condition upon which the plaintiff

fell.

11. At the time of Plaintiff's fall there were no wet floor signs or any warning signs of any nature.

12. After his fall, plaintiff observed what appeared to be wet towels stuffed under the stand and around the strawberry stand.

13. Despite this slippery, wet and dangerous condition, the area was open to shoppers, who were permitted to walk right up to the stand despite the leak.

14. The floor tiles around the strawberry stand were both wet and coming up from the floor, indicating the adhesive on the back of the vinyl floor tiles had begun to fail due to the repeated wet condition caused by the subject leak.

15. The below photo, taken by an investigator for plaintiff on June 30th, 2020, thirty-nine (39) days following the plaintiff's fall, continued to demonstrate the leaky strawberry stand with towels stuffed under the stand and a small wet floor sign that was not present when plaintiff fell in proximity to the wet floor sign as he attempted to walk by the stand on his way to the pharmacy.



16. The store employees knew that the strawberry stand leaked slipper fluid upon the vinyl tile floor for a sufficient amount of time to fix the leaky condition but negligently failed to do so,

causing the plaintiff's fall and injury.

17. The store employees knew that the strawberry stand leaked slipper fluid upon the vinyl tile floor for enough time to properly warn shoppers but negligently failed to do so, causing the plaintiff's fall and injury.

18. The store employees knew that the strawberry stand leaked slipper fluid upon the vinyl tile floor for a sufficient amount of time to clean the subject wet floor before the plaintiff's fall, but failed to do so.

19. It is believed and therefore averred that the Defendant employees had previously placed and removed a wet floor sign at the location of Plaintiff's fall prior to the Plaintiff's fall.

20. The aforesaid slippery condition had been present on the floor of the store a sufficient time where the Defendant's employees, had notice of the defect, warned patrons of the defect and rectify thew defect prior to plaintiff's fall and injuries.

21. Plaintiff avers that it was the duty of the Defendant to keep and maintain the aforesaid premises in a good and safe condition so that same should not constitute a menace, danger, nuisance, snare or trap for persons lawfully thereon.

22. Notwithstanding said duty at the time of the occurrence, hereinafter set forth and for a long time prior thereto, Defendant negligently permitted the aforementioned property to become and remain in a dangerous and/or defective condition, to wit, the slippery substance present on the store's tile floor, thereby causing the floor of the store to constitute a menace, danger, nuisance, snare, and/or trap for persons lawfully thereon.

23. Plaintiff's fall caused him to strike the ground with great force and violence and sustain injuries and damages as will be more fully set forth hereafter.

24. At all times material hereto, Plaintiff acted in a careful, cautious, reasonable and

prudent manner and was free from any comparative negligence.

25. At all times material hereto, Plaintiff was free from any comparative negligence and did not in any manner assume the risk of injury and/or accident.

26. The aforementioned incident and resulting injuries and/or damages were due, in no part whatsoever, to any act or failure to act on the part of the Plaintiff.

27. The aforementioned incident and resulting injuries and/or damages sustained by Plaintiff directly and proximately resulted from the negligence, carelessness and unlawfulness of Defendant whose conduct consisted of, but was not limited to, the following:

    a. Failing to maintain the premises in a condition which would protect and safeguard the welfare of persons lawfully thereon;

    b. Permitting the premises to become and remain in a dangerous and/or defective state so as to constitute a menace, danger, nuisance, snare and trap for persons lawfully thereon;

    c. Failing to inspect the premises at reasonable intervals in order to determine its condition so as to repair any defects therein;

    d. Failing to issue any warning, verbal, written, actual and/or constructive, to persons lawfully thereon of the dangerous condition which existed on the store's tile floor immediately adjacent to the produce display;

    e. Permitting Plaintiff to travel on said floor when Defendant knew or in the exercise of reasonable care should have known that it was dangerous to do so and involved an unreasonable risk of harm to persons so doing;

    f. Failing to provide persons thereon with a safe manner to travel on said premises;

    g. Failing to maintain the said premises in a manner consistent with and in

conformity with the Defendant's own standard of care and safety and in accordance with the laws of the Commonwealth of Pennsylvania;

   h. Causing the existence of the dangerous and slippery condition encountered by the Plaintiff causing his fall;

   i. Despite being aware of the dangerously slippery condition existing at the time of the Plaintiff's fall, the Defendant failed to cordon off this dangerously slipper floor area upon which the Plaintiff fell and continued to invite shoppers to purchase Defendant's products despite the Defendant Store's knowledge of the slippery condition and danger to the public business invitees;

   j. Failing to post adequate warning signs, barrier and/or barricades in an effort to alert those persons lawfully thereon of the dangerous condition which existed;

   k. Violating the standard of care due to public, business invitees; and

   l. Failing to clear and remove the slippery condition from the floor upon which plaintiff fell despite sufficient notice and time to do so.

  28. As a direct and proximate result of the aforesaid incident, Plaintiff suffered injuries which are or may be permanent including, but not limited to, injuries to his lumbar spine including disc herniations and radiculopathy, and damages to his muscular skeletal system and nervous system, which have been and may in the future be the cause of great pain, suffering, mental anguish and humiliation.

  29. As a direct and proximate result of the aforementioned incident and resulting injuries and/or damages, Plaintiff suffered and/or suffers and/or will continue to suffer from physical pain, suffering and inconvenience of his injuries due to defendant's negligence.

  30. As a direct and proximate result of the aforementioned incident and resulting injuries and/or damages, Plaintiff suffered and/or suffers and/or may continue to suffer shock and injuries to

his nerves and nervous system and has suffered and/or suffers and/or continues to suffer emotional distress.

31. As a direct and proximate result of the aforementioned incident and resulting injuries and/or damages, Plaintiff has been deprived and/or is deprived and/or may continue to be deprived of the ordinary pleasures of life.

32. As a direct and proximate result of the aforementioned incident and resulting injuries and/or damages, Plaintiff has been compelled and/or is compelled and/or may continue to be compelled to expend monies for medical aids, medicines and/or similar medical and/or medically related instrumentalities and modalities.

33. As a direct and proximate result of the negligence and carelessness of Defendant, Walmart, resulting in injuries and/or damages, Plaintiff has been compelled and/or is compelled and/or may continue to be compelled to expend monies for medical aids, medicines and/or similar medical and/or medical-related instrumentalities, surgery and modalities which are recoverable under the laws of Pennsylvania.

34. As a further result of this accident, Plaintiff has suffered a loss of his earnings and an impairment of his earning capacity and power, which said loss of earning and/or impairment of his earning capacity or power which are recoverable under the laws of Pennsylvania.

WHEREFORE, Plaintiff, Patrick Monaghan, respectfully demands judgment in his favor and against Defendant, Walmart, Inc., in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00) together with costs of suit and interest allowable by law.

Respectfully submitted,

LaROSA LAW FIRM

DATED: 4/19/2022            BY:    /s/ Michael LaRosa
                                   MICHAEL LAROSA, ESQUIRE
                                   Attorney for Plaintiff

## VERIFICATION

I, __Patrick Monaghan__, hereby verify that I am the Plaintiff in this action and that the statements made in the foregoing pleadings are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

DATED: 4/18/22

_____
PLAINTIFF

LaRosa Law Firm
959 West Chester Pike
Havertown, Pennsylvania 19083
610.924.0999

FILED
04-19-2022 08:32 PM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA